IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRYSTAL JACKSON, | : |
|    Plaintiff, | : |
| v. | :    Civil Case No. GLR-18-495 |
| STUART L. SAGAL, et al., | : |
|    Defendants. | : |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Stuart L. Sagal ("Sagal") and Sagal, Filbert, Quasney & Betten, P.A.'s ("SFQB") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Request for Hearing (ECF No. 7). This putative class action arises from a debt collection dispute between SFQB, a law firm representing The Maryland Management Company ("MMC"), and Plaintiff Crystal Jackson, a former MMC lessee. The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

### I.    BACKGROUND[1]

From 2009 until 2010, Jackson and her husband lived in a property MMC managed. (Compl. ¶ 1, ECF No. 1). After wearying of various living conditions on and around the

---

[1] Unless otherwise noted, the Court takes the following facts from the Class Action Complaint for Violations of the Fair Debt Collection Practices Act (the "Complaint") (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

property, Jackson ultimately gave MMC sixty days' advance notice, and then moved out. (Id. ¶¶ 2–3).

In 2014, SFQB, on behalf of MMC, sued Jackson in the District Court of Maryland for Baltimore City for owed rent, late fees, court costs, utilities, and attorney's fees. (Id. ¶ 4). The court awarded judgment for SFQB but did not award attorney's fees. (Id. ¶ 5). On August 15, 2017, the judgment was vacated, and the lawsuit was dismissed in response to a class-action settlement in another case, Claiborne v. The Maryland Management Co., 24-C-16-004505 (Circ.Ct.Balt.City filed Aug. 11, 2016). (Id. ¶ 6).

On October 26, 2017, Sagal sent Jackson a collection letter on SFQB letterhead (the "Letter") that stated she owed, "$1253.58 plus attorney fees of $188.03 and interest." (Id. ¶¶ 7, 37; Defs.' Mot. Dismiss ["Defs.' Mot."] Ex. 1A ["Letter"] at 7, ECF No. 7-3). The Letter also stated, "[U]nless suitable arrangements are made to liquidate this indebtedness, we shall have no alternative but to instigate legal proceedings. Such action will require additional cost and expense to you as well as the inconvenience of appearing at the trial of the case." (Compl. ¶ 42; Letter at 1).

On February 16, 2018, Jackson filed three-count Class Action Complaint for Violations of the Fair Debt Collection Practices Act (the "Complaint") against Defendants. (ECF No. 1), alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 et seq. (2018). (ECF No. 1). Jackson alleges that Defendants' Letter falsely stated that she: owed attorney's fees when no fees were due (Count I); would inevitably owe additional costs and expenses if she were sued (Count II); and would be

2

forced to attend court in person if she were sued. (Compl. ¶¶ 61–77, ECF No. 1). Jackson seeks compensatory damages, statutory damages, and attorney's fees. (Id. ¶¶ 66, 72, 78).

On March 30, 2018, Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Request for Hearing. (ECF No. 7). On April 19, 2018, Jackson filed an Opposition. (ECF No. 10). On May 10, 2018, Defendants filed a Reply. (ECF No. 13). On October 6, 2018, Jackson filed a Surreply.[2] (ECF No. 18).

## II. DISCUSSION

### A. Conversion of the Motion

Defendants style their Motion as one to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'"

---

[2] On May 30, 2018, Jackson filed a Motion for Permission to File a Surreply to Motion to Dismiss or in the Alternative for Summary Judgment. (ECF No. 14). On June 4, 2018, Jackson filed a Motion for Leave to File a Supplement to Opposition and Surreply Surreply to Motion to Dismiss or in the Alternative for Summary Judgment. (ECF No. 15). Defendants did not oppose the Motions, and the Court granted them on October 4, 2018. (ECF No. 16). On October 6, 2018, Jackson filed her Supplement. (ECF No. 17).

Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). A Rule 56(d) affidavit is inadequate if it simply demands "discovery for the sake of

4

discovery." Hamilton v. Mayor of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (citation omitted). A Rule 56(d) request for discovery is properly denied when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995)).

Here, Jackson contends that it would be premature to construe Defendants' Motion as one for summary judgment because she has not had a reasonable opportunity for discovery. To support her position, Jackson submitted a Rule 56(d) affidavit from Attorney Peter A. Holland (the "Holland Declaration"). (Holland Decl., ECF No. 10-1). The Holland Declaration lists multiple items for which Jackson seeks additional discovery. Holland avers that Jackson needs written and deposition discovery to oppose Defendants' affidavit regarding their fee agreement with MMC and fees paid—such discovery "includ[ing] a redacted fee agreement, invoices, cancelled checks, and testimony from a representative of Sagal." (Holland Decl. ¶¶ 2–3). Some of the items listed in the Holland Declaration may not be material to Jackson's claims, but Jackson is entitled to any discovery relevant to her claims. See Hunt Valley Baptist Church, Inc. v. Baltimore Cty., No. ELH-17-804, 2017 WL 4801542, at *17 (D.Md. Oct. 24, 2017) (declining to convert the defendants' motion because "[a]lthough it may not be necessary for plaintiff to explore each of its proposed discovery topics, . . plaintiff is entitled to conduct discovery relevant to its claims"). Further, Defendants do not dispute the Holland Declaration's compliance with Rule 56(d)'s

5

requirement that an affidavit set forth "specified reasons" as to why more discovery is needed.

Thus, the Court concludes that Jackson's Rule 56(d) affidavit sufficiently establishes that discovery is necessary. As a result, the Court will not convert the Motion and will construe it as a motion to dismiss.[3]

**B.     Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[3] The parties submit several attachments with their briefs for the Court's consideration, including the Letter, affidavits, and transcripts from other court cases. The general rule is that a court may not consider extrinsic evidence when resolving a motion under Federal Rule of Civil Procedure 12(b)(6). See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). However, this general rule is subject to several exceptions. Relevant for the Court's purposes in this case, a court may consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic. See Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Here, the Court will only consider the Letter, attached to Defendants' Motion, because it is integral to the Complaint and Jackson does not dispute its authenticity.

the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of America, N.A., 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**C.   Analysis**

Defendants argue that the statements in the Letter regarding attorney's fees, additional cost, and appearance at trial were not false, deceptive, or misleading under the FDCPA. Alternatively, they contend that the statements are immaterial, and therefore, not actionable. Jackson counters that the statements in the Letter regarding attorney's fees,

additional cost, and appearance at trial are false, deceptive, or misleading under to the FDCPA and are also material.

The FDCPA aims to "protect[ ] consumers from abusive and deceptive practices by debt collectors." Stewart v. Bierman, 859 F.Supp.2d 754, 759 (D.Md. 2012). To state a claim under the FDCPA, a plaintiff must allege that: (1) "the plaintiff has been the object of collection activity arising from consumer debt"; (2) "the defendant is a debt [ ] collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." Sterling v. Ourisman Chevrolet of Bowie Inc., 943 F.Supp.2d 577, 585 (D.Md. 2013) (alteration in original) (quoting Stewart, 859 F.Supp.2d at 759–60). The FDCPA covers debt collectors who "regularly collec[t] or attemp[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (alterations in original) (quoting 15 U.S.C. § 1692a(6)).

The FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A), (10). Because the FDCPA is a strict liability statute, a consumer need only prove one violation to trigger liability. Spencer v. Hendersen-Webb, Inc., 81 F.Supp.2d 582, 590–91 (D.Md. 1999).

A misrepresentation must be "material" to violate § 1692e. Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014). Courts analyze the language in a debt collection letter alleged to violate the FDCPA from the perspective of the "least

8

sophisticated debtor." United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135–36 (4th Cir. 1996). Although this standard aims to protect gullible consumers, it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id. at 136 (citing Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). When viewing a misstatement from this perspective, the court is to "consider how a 'naïve' consumer would interpret the statement." See Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015).

Defendants only dispute that the Letter's demand for attorney's fees, costs and expenses, and appearance at trial qualifies as a prohibited act or omission under the FDCPA—the third element. The Court considers each of the three allegedly violative statements in turn.

### 1. Attorney's Fees (Count I)

Defendants contend that SFQB operates on a partially contingent fee basis and that MMC incurs a $50.00 minimum fee at the time the case is assigned to SFQB. Defendants also argue the attorney's fees statement would be immaterial to Jackson's decision to respond to the Letter.[4] Jackson counters that Defendants' concede that the Letter falsely

---

[4] Defendants also contend that Jackson concedes that the attorney's fees are immaterial because she fails to expressly plead that fact in her Complaint. In response, Jackson agrees with Defendants that the Complaint does not explicitly state the attorney's fees statement in the Letter was material for the purposes of the FDCPA. Notwithstanding this deficiency in Count I, Jackson alleges sufficient factual matter to state a claim, which is what is required to survive a motion to dismiss. See Goss, 917 F.Supp.2d at 449 (quoting Walters, 684 F.3d at 439). Jackson requests leave to amend if the Court concludes that

stated attorney's fees that were not incurred or awarded. Jackson asserts that the statement regarding attorney's fees owed is material because it impairs the ability of the least sophisticated consumer to decide how much, if anything, to pay. The Court agrees with Jackson.

The FDCPA prohibits attempts to collect nonexistent debt, including attorney's fees. See Spencer, 81 F.Supp.2d at 591 (concluding that "[w]hen [the defendant] attempted to collect non-existent attorney[']s fees on behalf of [its client], [the defendant] violated the FDCPA"). In this case, the Letter demands that Jackson pay "attorney fees of $188.03 and interest," (Compl. ¶ 7; Letter at 1), and Jackson alleges that MMC had not incurred attorney's fees at the time, (Compl. ¶ 64). Nevertheless, Defendants maintain that "in all MMC debt collection cases handled by Defendants," including the case against Jackson, "MMC incurs a $50 minimum fee at the time the case is assigned." (Defs.' Mem. Supp. Defs.' Mot. at 3, ECF No. 7-1). In support of that contention, Defendants offer an affidavit from Sagal, (Defs.' Mot. Ex. 1 ["Sagal Aff."], ECF No. 7), which the Court will not consider at this stage because the Court's analysis is confined to the allegations in the Complaint.[5] Further, Defendants do not account for the remaining $138.03 allegedly owed. Thus, the Court concludes that Jackson plausibly alleges that the Letter's demand for attorney's fees is false, deceptive, and misleading.

---

materiality is not implied. Accordingly, the Court will grant Jackson leave to amend her Complaint to address this deficiency.
    [5] Even if the Court were to consider it, the Sagal Affidavit does not expressly state that MMC actually incurred the fifty-dollar fee. (See Sagal Aff. ¶ 3).

Judging from the perception of the least sophisticated consumer, Defendants' demand for attorney's fees is also material. The Fourth Circuit has held that billing discrepancies in instances where the overstatement amount is similar to that of Defendants' Letter are material. See Conteh v. Shamrock Cmty. Ass'n, Inc., 648 F.App'x 377, 379–80 (4th Cir. 2016) (citing Powell, 782 F.3d at 126). Specifically, the Fourth Circuit concluded that a debt collector's overstatement of $165.02 (ten percent of $1,583.96 due) was material to the least sophisticated consumer because it "caus[es] confusion." Id. Here, the discrepancy is fifteen percent[6]—even greater than the ten percent overstatement that was material in Conteh. That is, the least sophisticated consumer would reasonably face confusion when deciding how to respond to the Letter. As a result, such a demand for attorney's fees is material to the least sophisticated consumer.

Thus, the Court concludes that Jackson plausibly pleads a violation of the FDCPA related to the Letter's demand for attorney's fees. Accordingly, the Court will deny the Motion as to Count I.

### 2. Costs and Expenses (Count II)

Defendants assert that the statement regarding additional costs was not false, deceptive, or misleading because Jackson would incur costs if she hired an attorney or traveled and took time off work to appear at the trial, and would have to pay court filing fees if she settled or post-judgment interest if she failed to argue her case. Defendants contend that the costs statement is immaterial when read in the context of the whole Letter.

---

[6] $188.03 / $1253.08 = .15 \times 100 = 15\%$.

Jackson counters that the costs statement is false because it ignores the possibility that: the consumer might win, either pro se or represented by pro bono counsel; the reality that most suits are resolved without trial, and therefore without added travel expenses; and that Maryland District Court does not require entry of appearance fees. Jackson contends the Letter's threat is material because it suggests that she will inevitably pay money out of pocket regardless of the suit's outcome. The Court agrees with Jackson.

The FDCPA prohibits debt collectors from insinuating debtors are inevitably liable for fees and expenses. See Spencer, 81 F.Supp.2d at 593–94. In Spencer, the court concluded that a collection letter that read: "[i]f legal action is taken, you will be responsible for attorneys fees, court costs, and pre-judgment interest, as allowed by your contract" contained a false or misleading representation in violation of the FDCPA. Id. at 593. The crux of Spencer is the use of "will" mandates that expenses are certain if the debt collector files suit regardless of a settlement or final ruling. Id. at 593–94.

In this case, Jackson plausibly alleges that Defendants' statement that she will incur costs and expenses is false, deceptive, or misleading. Jackson could avoid costs altogether by proceeding pro se or with the aid of pro bono counsel and by utilizing any number of free legal resources to eliminate court costs. If Jackson retains pro bono counsel to represent her, however, she could avoid attendance in court, thus eliminating any travel expenses. The same is true if the parties agreed to a pre-trial settlement. Jackson, therefore, plausibly alleges that the Letter's statement regarding additional costs and expenses is false, deceptive, or misleading under the FDCPA.

The Letter's statement implying that Jackson will incur costs and expenses is also material to the least sophisticated consumer. The Spencer Court found that, while the unsophisticated consumer would understand that legal action was not certain, the letter insinuated the debtor would inevitably be liable for a string of sundry fees should suit be filed. 81 F.Supp.2d at 594. The court concluded that language like this asserting false leverage is what Congress enacted the FDCPA to combat. Id.

Even if read in the context of the whole Letter, the statement that "[s]uch [legal] action will require additional cost and expense to you," (Compl. ¶ 42; Letter at 1) (emphasis added), is material. Though the Letter instructs Jackson to dispute the debt within thirty days, it states within the same paragraph that any such dispute "will not prevent [Defendants] from filing the lawsuit within that time." (Letter at 1). Read together, those statements would likely lead the least sophisticated consumer to understand that legal action was unavoidable and would require "additional cost and expense." (Id.). See Spencer, 81 F.Supp.2d at 593–94.

In sum, the Court concludes that Jackson plausibly alleges the statement about additional cost and expense is false, deceptive, or misleading and that it is material in violation of the FDCPA. Accordingly, the Court will deny the Motion as to Count II.

### 3. Appearance at Trial (Count III)

Defendants assert that Jackson's allegations regarding the cost and expenses statement and the appearance at trial statement are contradictory. Specifically, Defendants argue that it would be impossible to incur no additional costs while at the same time avoiding an appearance in court. The Court disagrees.

13

Here, the Letter states "[s]uch [legal] action <u>will require</u> . . . the inconvenience of appearing at the trial of the case." (Compl. ¶ 42) (emphasis added). Jackson's appearance at trial would only be mandatory by subpoena, and as noted above, Jackson could either settle the case or hire pro bono counsel to represent her to avoid physical attendance at trial. Pursuing either settlement or pro bono representation could still allow Jackson to avoid additional cost and expense, as discussed above. Jackson, therefore, plausibly alleges that the Letter's language requiring appearance at trial is false, deceptive, and misleading under the FDCPA.

Defendants also contend that this statement is immaterial because no suit had been filed at the time of the Letter. The Court again disagrees. The false statement mandating Jackson's attendance at trial is also material. Defendants correctly argue that appearing at trial would be inconvenient for Jackson, but the "will require" language of the Letter applies to the entire phrase "of appearing at the trial of the case," not just to the word, "inconvenience." (<u>See</u> <u>id.</u>). The fact that no suit was filed at the time of the Letter is irrelevant to the least sophisticated consumer's decision-making process. Such language signifies to the least sophisticated consumer to pay the amount demanded before suit or be forced to appear in court.

Thus, the Court concludes that Jackson plausibly alleges an FDCPA violation related to the statement regarding attendance at trial. Accordingly, the Court will deny Defendants' Motion as to Count III of the Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Request for Hearing (ECF No. 7), construed as a motion to dismiss. A separate Order follows.

Entered this 29th day of March, 2019.

/s/
George L. Russell, III
United States District Judge